## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2015, 6:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jesse Abrams, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 30, 2015 <br><br> Court of Appeals Case No. <br> 49A02-1504-CR-194 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Patrick J. Dietrick, Judge <br> The Honorable Mark Renner, Commissioner <br><br> Trial Court Cause No. <br> 49G21-1411-CM-52716 |

**Bradford, Judge.**

# Case Summary

[1] Appellant-Defendant Jesse Abrams was convicted of Class A misdemeanor invasion of privacy for violating a protective order. The trial court imposed two $50.00 public defender fees, one at the initial hearing after determining Abrams to be indigent and another at sentencing. On appeal, Abrams argues that the trial court abused its discretion by ordering a second $50.00 public defender fee. We reverse and remand with instructions.

# Facts and Procedural History

[2] On November 24, 2014, Appellee-Plaintiff the State of Indiana ("the State") charged Abrams with Class A misdemeanor invasion of privacy after he violated an *ex parte* protective order. At the initial hearing, the trial court found Abrams to be indigent, appointed a public defender to represent him, and ordered him to pay a $50.00 "public defender fee." Appellant's App. p. 20. At a bench trial, the trial court found Abrams guilty as charged and imposed the following sentence: "The court…sentences you to 365 days: 82 days of jail time, with the 41 days of credit, actual time having spent, you've got time served. You will be placed on probation for 283 days." Tr. p. 102. The trial court also imposed court costs and fees in the amount of $168.00, which included a $50.00 "Supplemental Public Defender Fee." Appellant's App. p. 15.

# Discussion and Decision

[3] On appeal, Abrams argues that the trial court erred by ordering him to pay a second $50.00 public defender fee at sentencing. "[S]entencing decisions, including decisions to impose restitution, fines, costs, or fees, are generally left to the trial court's discretion. If the trial court imposes fees within the statutory limits, there is no abuse of discretion." *Kimbrough v. State*, 911 N.E.2d 621, 636 (Ind. Ct. App. 2009) (citations omitted).

[4] Indiana Code section 35-33-7-6 governs the limits on public defender fees which may be imposed against an indigent party.

> (a) Prior to the completion of the initial hearing, the judicial officer shall determine whether a person who requests assigned counsel is indigent. If the person is found to be indigent, the judicial officer shall assign counsel to the person.
>
> …
>
> (c) If the court finds that the person is able to pay part of the cost of representation by the assigned counsel, the court shall order the person to pay the following:
>
>> (1) For a felony action, a fee of one hundred dollars ($100).
>>
>> (2) For a misdemeanor action, a fee of fifty dollars ($50).
>
> The clerk of the court shall deposit fees collected under this subsection in the county's supplemental public defender services fund established under IC 33-40-3-1.

Ind. Code § 35-33-7-6.

[5] At the initial hearing on November 24, 2014, the trial court conducted "a thorough examination of defendant's total financial picture and the nature of

the criminal charges" before finding that Abrams was indigent, appointing a public defender, and ordering Abrams to pay a $50.00 public defender fee to the Supplemental Public Defender Fund. Appellant's App. p. 20. Abrams does not contend that there was any error with the imposition of this first public defender fee and paid the fee on March 11, 2015.

[6] At sentencing, the trial court imposed court costs and fees in the amount of $168.00, which included a $50.00 "Supplemental Public Defender Fee." Appellant's App. p. 15. This fee was imposed in addition to the initial public defender fee. The State does not acknowledge that there was a second $50.00 fee imposed by the trial court. "There is nothing in the record to support Defendant's claim that the fee was imposed at any time other than the initial hearing." Appellee's Br. p. 9 n. 2. However, it appears from the sentencing order that the public defender fee ordered at sentencing is distinct from the one ordered at the initial hearing. Additionally, Abrams provided a summary of his outstanding charges, certified by the Marion County Clerk of Courts, detailing the court fees owed. This detail confirms that Abrams was charged two $50.00 public defender fees, first at the initial hearing and again at sentencing.

[7] The State cites to Indiana Code sections 33-40-3-6 and 33-37-2-3 as alternative sections under which the trial court could have imposed a public defender fee at sentencing. However, fees may be ordered under Section 33-37-2-3 only if the defendant is found not to be indigent. Abrams was found to be indigent in this case. Alternatively, Section 33-40-3-6 provides that

> If at any stage of a prosecution for a felony or a misdemeanor the court makes a finding of ability to pay the costs of representation under section 7 of this chapter, the court shall require payment by the person or the person's parent, if the person is a child alleged to be a delinquent child, of the following costs in addition to other costs assessed against the person:
>
>> (1) Reasonable attorney's fees if an attorney has been appointed for the person by the court.

[8] The trial court could have made a finding at sentencing regarding Abrams ability to pay the costs of representation in addition to the $50.00 maximum fee previously imposed under Indiana Code section 35-33-7-6; however, it did not do so. Rather, it seems simply that the trial court mistakenly ordered two $50.00 supplemental public defender fees. Accordingly, we remand with instructions that the trial court rescind the $50.00 public defender fee imposed at sentencing.

[9] Remanded with instructions.

Baker, J., and Pyle, J., concur.